OPINION OF THE COURT
Harold Fertig, J.
The issue before the court is the standard of care and liability for the removal and maintenance of snow and ice existing on a pathway on premises owned and operated by a municipality. This, apparently, has not previously been addressed in this State.
From the testimony presented, it appears that on January 23, 1982 there was a snowfall, and there was conflicting testimony as to what took place thereafter concerning the cleaning and maintenance of a pathway in the Nassau Community College, which is a facility owned by the County of Nassau. On January 26, from the plaintiff’s testimony, the plaintiff slipped and fell on a condition caused by ice and snow on a pathway at the Nassau Community College, and the court is now faced with a question as to what the standard of care is for the County of Nassau and the Nassau Community College to people on their premises, in this case a student, the plaintiff.
*824 The defendant claims that the standard of care should be that standard of care which a municipality has to exercise, reasonable care and diligence to keep its streets and sidewalks reasonably clear of snow and ice and, more particularly, that the conditions should be unusually dangerous and so different in character from a condition ordinarily prevailing during the winter in that locality as to constitute an unusual danger to pedestrians.
The plaintiff contends that the liability of the defendant should be no different from that of any other owner or lessor of premises, as if the defendant was a private landlord or owner.
The liability of a municipality for accidents due to snow and ice on its sidewalks has, over the years, been limited because normally it has hundreds of miles of sidewalks and streets to maintain and it is quite impossible to keep those sidewalks and streets entirely clear of snow and ice. It has been determined that to hold such a municipality liable for the result of every incident arising from such a condition would carry the rule of responsibility beyond all reasonable limits (Winckler v City of New York, 129 App Div 45). In Pomfrey v Village of Saratoga Springs (104 NY 459, 470), it was held, where it appeared that there were 75 miles of sidewalks in the municipality, that “it is manifestly difficult under such circumstances for such a village to keep its sidewalks at all times clear of snow and ice; and the proof should be very satisfactory, showing clear neglect of duty, before liability for injuries caused by snow and ice should be imposed.” The rule was then expanded to provide that the conditions should be dangerous and unusual before such- a municipality should be found liable. In Williams v City of New York (214 NY 259, 263-264), the court set forth the rule in snow and ice cases as follows:
“In order to render a municipality liable in this class of cases the interference with travel must be,
“(1) Dangerous,
“(2) Unusual or exceptional; that is to say different in character from conditions ordinarily and generally brought about by the winter weather prevalent in the given locality.”
In Mazanti v Wright’s Underwear Co. (266 App Div 18, 21), the court, referring to Pomfrey (supra), stated, “much of it, however, applies equally in cases against property owners”, indicating that there would be the same standard of care, even where the owner was not a municipality.
However, in a fairly recent case, De Coufle v Frederick Benedict, Inc. (93 AD2d 805, 806), decided in the Second Department, *825 Appellate Division, the court held, “Defendant argues that the court erred in failing to charge that liability could be imposed upon it only if the condition of the premises constituted an exceptional danger or was more hazardous than conditions prevailing in the surrounding neighborhood. We disagree. The standard of an exceptional danger, or a danger greater than that in the surrounding area has been applied to municipal sidewalks, but not to private property”, citing Williams v City of New York (supra, at p. 265). The court went on to say, “The rationale behind the rule is that since a municipality has miles of sidewalks under its care and control, it would be difficult for it to keep the sidewalks clear of snow at all times and that evidence of a clear neglect of duty should be established before liability for injuries caused by snow and ice is imposed upon it” (p 806).
It would therefore appear that although a municipality has a standard of care less than a private individual with regard to sidewalks and streets where it has a vast area to clean, a private owner, at least in the Second Department, would have a greater standard of care on its own premises.
However, in the case before this court, the incident did not take place on one of the many miles of sidewalks through the county where there is a separate abutting owner, but rather occurred on the premises owned and operated by the municipality itself. In Stevens v Central School Dist. No. 1 (25 AD2d 871), it was held that in New York the liability of school districts is determined by the same rules and principles which govern the liability of private landowners, under the same or similar circumstances, for their own negligence. And most recently, the Court of Appeals in Miller v State of New York (62 NY2d 506, 511) held, “It is not disputed that when the State acts in a proprietary capacity as a landlord, it is subject to the same principles of tort law as is a private landlord”. The court stated, “the difficulty here arises from the defendant’s dual role, where it has acted in a proprietary capacity as a landlord by its ownership and control of the SUNY campus, and also in a governmental capacity” (p 511).
Then citing Preston v State of New York (59 NY2d 997, 998, quoting Basso v Miller, 40 NY2d 233, 241), the court said, “As a landowner, the State ‘ “must act as a reasonable [person] in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding *826 the risk” Although that case involved the protection of students on the campus, the court feels that the principles enunciated there are applicable to this case, where a student is walking upon the pathways within the campus of the premises of the Nassau Community College, which is owned by the County of Nassau. Here, the county was acting in a proprietary capacity.
Accordingly, the court finds that usual rules pertaining to a municipality for .liability for snow and ice on its sidewalks are not applicable and the plaintiff need not prove an unusually dangerous condition or a condition that was so different in character from the condition ordinarily prevailing during the winter in that locality as to constitute such an unusual danger to pedestrians. The court is satisfied that the standard of care to be placed upon the defendant is that of any other private owner of a premises.
Accordingly, the court finds that the plaintiff must prove by a fair preponderance of the credible evidence that the defendant had the duty to use reasonable care to keep the pathway clear of snow and ice in areas where public use was foreseeable; that the defendant should reasonably have foreseen danger to pedestrians from its continued use; and whether the defendant’s employees knew or in the exercise of reasonable care should have known of the condition.