■ Donald Mangieri et al., Respondents, v Prime Hospitality Corp., Doing Business as Ramada Inn of Elmsford, et al., Appellants. (And a Third-Party Action.) [676 NYS2d 207] —In an action to recover damages for personal injuries, etc., the defendants, Prime Hospitality Corp. d/b/a Ramada Inn of Elmsford and Judith Greenberg, appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Silverman, J.), dated August 1, 1997, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Donald Mangieri slipped and fell on snow and/or

ice in the parking lot of a Ramada Inn in Elmsford. The defendants, the owner and operator of the hotel and the owner of the property, moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We reverse.

A party in possession or control of real property may be held liable for a hazardous condition created on its premises as a result of the accumulation of snow or ice during a storm only after a lapse of a reasonable time for taking protective measures subsequent to the cessation of the storm (see, Kay v Flying Goose, 203 AD2d 332; Newsome v Cservak, 130 AD2d 637). Here, although there is some dispute as to the strength of the storm, the record, including the testimony of Donald Mangieri, indicates that a snow storm had started some time before and was continuing at the time of the accident. These facts present a prima facie case for dismissal of the complaint. The plaintiffs failed to raise a triable issue of fact that the shoveling and/or plowing operations allegedly undertaken by the defendants prior to the cessation of the storm either created a hazardous condition or exacerbated the naturally hazardous condition created by the storm. Accordingly, the complaint must be dismissed (see, Marrone v Verona, 237 AD2d 805; Gentile v Rotterdam Sq., 226 AD2d 973; Zima v North Colonie Cent. School Dist., 225 AD2d 993; Kay v Flying Goose, supra).

The plaintiffs' remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.