■ CANDICE BOWEN, Appellant, v CITY UNIVERSITY OF NEW YORK et al., Respondents. [743 NYS2d 119] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 16, 2001, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

On January 27, 2000, at approximately 11:30 A.M., the plaintiff slipped and fell on a walkway at the campus of Kingsborough Community College. The defendants moved for summary judgment dismissing the complaint. Both the defendants and the plaintiffs submitted Local Climatological Data Monthly Summary Charts (hereinafter chart) for January 2000. The chart that the defendants submitted was from La Guardia Airport, whereas the chart submitted by the plaintiff was from John F. Kennedy International Airport. Each chart provided different data regarding the period of time that elapsed between the end of the last snowfall and the time of the plaintiff's accident, as well as the amount of snow that fell before the accident.

The Supreme Court found that the defendants had actual notice of the condition which allegedly caused the plaintiff's accident. However, the Supreme Court granted the defendants' motion for summary judgment, relying solely on the weather chart submitted by the defendants, and finding that they did not have a reasonable amount of time to remedy the condition.

While the Supreme Court did not address explicitly the standard of care to be imposed, it erroneously applied the standard of care applicable to municipal defendants in sidewalk snow and ice cases. Here, the correct standard to be applied is that which applies to a private landowner, since the ownership and operation of a college campus is a proprietary function (*see Sebastian v State of New York,* 93 NY2d 790; *Miller v State of New York,* 62 NY2d 506; *see also Mead v Nassau Community Coll.,* 126 Misc 2d 823).

It is well settled that a private landowner may be held liable

for a hazardous condition created on its premises by precipitation only if the landowner had actual or constructive notice of the condition (*see Brunson v National Amusements,* 292 AD2d 413; *Putnam v Stout,* 38 NY2d 607, 612) and had a reasonably sufficient time from the cessation of the precipitation to remedy the condition caused by it (*see Arcuri v Vitolo,* 196 AD2d 519, 520).

Further, it was improper to grant summary judgment since there are triable issues of fact concerning the amount of snow that fell before the accident, as well as the amount of time that passed between the cessation of snow and the time of the accident. The record is devoid of any evidence concerning the defendants' snow and ice removal procedures (*see* CPLR 3212 [b]; *Nikolic v Valley Stream Cent. High School Dist.,* 240 AD2d 551). Ritter, J.P., Feuerstein, Goldstein and Cozier, JJ., concur.