GEORGE SFAKIANOS et al., Appellants, v BIG SIX TOWERS, INC., Respondent. [846 NYS2d 584]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Agate, J.), dated October 26, 2006, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) from an order of the same court dated February 20, 2007.

Ordered that the appeal from the order dated February 20, 2007 is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order dated October 26, 2006 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

A property owner will not be held liable for accidents occurring on its property as a result of the accumulation of snow and/or ice until a reasonable period of time has passed, following the cessation of the storm, within which the owner has the opportunity to ameliorate the hazards caused by the storm (*see Smith v Leslie,* 270 AD2d 333, 334 [2000]; *Taylor v New York City Tr. Auth.,* 266 AD2d 384 [1999]; *Mangieri v Prime Hospitality Corp.,* 251 AD2d 632, 633 [1998]).

The climatological records submitted by the defendant should have been authenticated (*see* CPLR 4528, 4540 [a]). However, under the facts of this case, accepting as true the plaintiffs' assertions with respect to when the snowstorm ceased and when the accident occurred, the defendant established its prima facie showing of entitlement to judgment as a matter of law (*see DeMasi v Radbro Realty,* 261 AD2d 354 [1999]; *Whitt v St. John's Episcopal Hosp.,* 258 AD2d 648, 648-649 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see DeVito v Harrison House Assoc.,* 41 AD3d 420, 421 [2007]; *Zimmer v Kimco Realty Corp.,* 6 AD3d 528, 529 [2004]; *Dowden v Long Is. R.R.,* 305 AD2d 631 [2003]; *Mangieri v Prime Hospitality Corp.,* 251 AD2d at 633).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur.