■ VINCENT MARCHESE, Respondent, v ALBERT SKENDERI et al., Appellants. [856 NYS2d 680]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (McMahon, J.), dated June 4, 2007, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On the afternoon of February 28, 2005, while snow was falling, the plaintiff, an employee of the City of New York Department of Environmental Protection, visited the defendants' house on Staten Island in an attempt to conduct a water meter inspection. While descending an exterior staircase from the defendants' house to the sidewalk, the plaintiff slipped and fell on a wet step and was injured.

After the plaintiff commenced this action, the defendants moved for summary judgment dismissing the complaint on the ground, inter alia, that the application of the so-called "storm in progress" doctrine precluded recovery.

Under the so-called "storm in progress" rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm (*see Dowden v Long Is. R.R.,* 305 AD2d 631 [2003]). The deposition testimony of the plaintiff and the affidavit of a meteorologist, which the defendants submitted in support of their motion, established a prima facie case that it was snowing at the time of the occurrence and accordingly that the "storm in progress" rule applies here. The plaintiff's affidavit submitted in opposition to the defendants' establishment, prima facie, of their entitlement to judgment as a matter of law, raised only feigned issues of fact intended solely to avoid the

consequences of his prior admission that the snow had started falling before the accident (*see Nieves v JHH Transp., LLC,* 40 AD3d 1060 [2007]). Furthermore, the mere fact that an outdoor walkway becomes wet from precipitation is insufficient to establish the existence of a dangerous condition (*see Cavorti v Winston,* 307 AD2d 1018 [2003]). Here, in the absence of proof that the plaintiff slipped and fell as a result of something other than snow, the plaintiff has no cause of action against the defendants (*see Cavorti v Winston,* 307 AD2d at 1019). Finally, contrary to the plaintiff's contentions, the failure on the part of the defendants to install handrails did not constitute a violation of the Administrative Code of the City of New York (*see Nikolaidis v La Terna Rest.,* 40 AD3d 827 [2007]). Lifson, J.P., Covello, Angiolillo and Leventhal, JJ., concur.