■ CHARLES MEYERS, Respondent, v BIG SIX TOWERS, INC., Appellant. [925 NYS2d 607]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (McDonald, J.), dated December 2, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained on February 12, 2008, when he slipped and fell on snow and ice on a driveway parking lot ramp at the defendant's premises. The defendant moved for summary judgment dismissing the complaint, arguing that the so-called "storm in progress" doctrine precluded recovery. The Supreme Court denied the defendant's motion. We reverse.

As the proponent of the motion for summary judgment, the defendant had to establish, prima facie, that it neither created the snow and ice condition nor had actual or constructive notice of the condition (*see Persaud v S & K Green Groceries, Inc.*, 72 AD3d 778, 779 [2010]; *Vasta v Home Depot*, 25 AD3d 690 [2006]). Here, the defendant sustained this burden by presenting evidence that there was a storm in progress when the plaintiff fell (*see Sfakianos v Big Six Towers, Inc.*, 46 AD3d 665, 665 [2007]; *Evans v MTA/New York City Tr. Auth.*, 41 AD3d 533,534 [2007]; *Mangieri v Prime Hospitality Corp.*, 251 AD2d 632, 633 [1998]).

Accordingly, the burden shifted to the plaintiff to raise a triable issue of fact as to whether the precipitation from the storm in progress was not the cause of his accident (*see Alers v La*

*Bonne Vie Org.*, 54 AD3d 698 [2008]; *DeVito v Harrison House Assoc.*, 41 AD3d 420 [2007]; *Small v Coney Is. Site 4A-1 Houses, Inc.*, 28 AD3d 741 [2006]). To do so, the plaintiff was required to raise a triable issue of fact as to whether the accident was caused by a slippery condition at the location where the plaintiff fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and that the defendant had actual or constructive notice of the preexisting condition (*see generally DeVito v Harrison House Assoc.*, 41 AD3d 420 [2007]; *Alers v La Bonne Vie Org.*, 54 AD3d 698 [2008]). Here, the plaintiff failed to raise a triable issue of fact in this regard. The sworn statement of a nonparty witness merely referred to the existence of icy patches within the parking lot, including the exit and entry ramps. Evidence that there was ice in the general vicinity of the accident prior to the storm is insufficient to raise a triable issue of fact as to whether the defendant had actual or constructive notice of the condition of the specific area within the parking lot where the plaintiff fell (*see Alers v La Bonne Vie Org.*, 54 AD3d 698 [2008]; *Powell v Cedar Manor Mut. Hous. Corp.*, 45 AD3d 749 [2007]; *DeVito v Harrison House Assoc.*, 41 AD3d 420 [2007]; *Robinson v Trade Link Am.*, 39 AD3d 616 [2007]; *Small v Coney Is. Site 4A-1 Houses, Inc.*, 28 AD3d 741 [2006]; *Reagan v Hartsdale Tenants Corp.*, 27 AD3d 716 [2006]; *Dowden v Long Is. R.R.*, 305 AD2d 631 [2003]; *Zoutman v Goshen Cent. School Dist.*, 300 AD2d 656 [2002]). Therefore, the defendant's motion for summary judgment dismissing the complaint should have been granted. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.