■ ROBERT WELLER, Appellant, v MATTHEW S. PAUL et al., Respondents. [938 NYS2d 152]—

The plaintiff commenced the present action to recover damages for personal injuries he allegedly sustained when he tripped over a stone along a walkway leading to the front door of the defendants' house, which was then covered by six inches of snow. The defendants moved for summary judgment dismissing the complaint, based upon the plaintiff's failure to comply with a ruling conditionally precluding him from adducing any medical testimony if he failed to attend an independent medical examination, and, alternatively, on the ground that they could not

be held liable for the plaintiff's injuries, which were allegedly sustained during a storm in progress. The Supreme Court granted the defendants' motion on the basis of the plaintiff's failure to comply with discovery, including his failure to comply with the ruling directing him to attend the independent medical examination. The plaintiff appeals. We reverse the order insofar as appealed from.

To avoid the adverse impact of a ruling of conditional preclusion, the plaintiff must "demonstrate a reasonable excuse for his failure to comply and a potentially meritorious cause of action" (*Keenan v Fiorentino*, 84 AD3d 740, 740 [2011]; *see Wei Hong Hu v Sadiqi*, 83 AD3d 820 [2011]; *Panagiotou v Samaritan Vil., Inc.*, 66 AD3d 979, 980 [2009]; *Callaghan v Curtis*, 48 AD3d 501, 502 [2008]). Here, the plaintiff demonstrated a reasonable excuse for his failure to attend the independent medical examination scheduled for December 15, 2010, through his affidavit, in which he averred that he had been involved in a car accident on the night before the examination. Further, the plaintiff attended an independent medical examination approximately one month later, and the defendants did not assert or demonstrate any prejudice from that short delay. The plaintiff also demonstrated that he had a potentially meritorious cause of action through his deposition testimony that he tripped on a stone along the walkway on the defendants' property leading to the front door, which was covered by six inches of snow, along with the deposition testimony of the defendant Matthew Paul that the snow had been present for one or two days prior to the accident and that he had decided not to shovel it.

Accordingly, the plaintiff's failure to attend the independent medical examination on December 15, 2010, should have been excused (*see Weitzenberg v Nassau County Dept. of Recreation & Parks*, 29 AD3d 683, 684-685 [2006]; *Lerner v Ayervais*, 16 AD3d 382 [2005]; *Ray Realty Fulton, Inc. v Lee*, 7 AD3d 772, 772-773 [2004]; *Melo v Pagano*, 297 AD2d 717, 718 [2002]; *Evans v County of Nassau*, 240 AD2d 363, 363-364 [1997]; *Richardson v Martorano*, 184 AD2d 557, 558 [1992]; *Cherry v New York City Hous. Auth.*, 183 AD2d 693 [1992]), and the defendants were not entitled to summary judgment dismissing the complaint since the plaintiff should not have been precluded from adducing medical testimony.

Further, the Supreme Court erred in considering other purported failures on the part of the plaintiff to comply with discovery, which were not the basis of the defendants' motion for summary judgment. In any event, the record only reveals the plaintiff's unexcused failure to attend one independent

medical examination appointment in November 2010, and his counsel's failure to appear for one conference, conduct which did not amount to willful and contumacious behavior warranting the extreme sanction of dismissal (*see Delarosa v Besser Co.,* 86 AD3d 588 [2011]; *Mironer v City of New York,* 79 AD3d 1106, 1108 [2010]; *Hutchinson v Langer,* 71 AD3d 735 [2010]; *ACME ANC Corp. v Read,* 55 AD3d 854, 855 [2008]).

Finally, the defendants argue, as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539, 545 [1983]), that they were entitled to summary judgment dismissing the complaint because the plaintiff's accident occurred during a storm in progress. The defendants failed to meet their prima facie burden of demonstrating their entitlement to judgment as a matter of law on this basis. Under the "storm in progress rule," a landowner "generally cannot be held liable for injuries sustained as a result of slippery conditions that occur during an ongoing storm, or for a reasonable time thereafter" (*Mazzella v City of New York,* 72 AD3d 755, 756 [2010]; *see Solazzo v New York City Tr. Auth.,* 6 NY3d 734 [2005]). Here, the defendants did not present any meteorological data demonstrating that there was a storm in progress at the time of the plaintiff's accident, and, significantly, the defendant Matthew Paul admitted during his deposition that the six inches of snow covering the walkway had been present for one or two days prior to the accident. In light of this admission, and contrary to the defendants' contention, the plaintiff's deposition testimony that it was snowing "very lightly" at the time that he started work on the day of the accident, but that it had stopped snowing by the time he arrived at the defendants' house, did not constitute a concession that his accident was the result of a slippery condition that developed during a storm in progress.

Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been denied. Skelos, J.P., Dickerson, Austin and Miller, JJ., concur.