■ Leitha Smith et al., Appellants, v Christ's First Presbyterian Church of Hempstead, Respondent. (And a Third-Party Action.) [941 NYS2d 211]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), entered December 9, 2010, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff allegedly slipped and fell on snow and ice on an entrance ramp at the defendant, Christ's First Presbyterian Church of Hempstead (hereinafter the Church). The plaintiffs subsequently commenced this action against the Church to recover damages, inter alia, for personal injuries. The Church moved for summary judgment dismissing the complaint, arguing, among other things, that the "storm in progress" doctrine precluded recovery. The Supreme Court granted the Church's motion. The plaintiffs appeal, and we affirm.

As the proponent of the motion for summary judgment, the Church had the burden of establishing, prima facie, that it neither created the snow and ice condition nor had actual or constructive notice of the condition (*see Meyers v Big Six Towers, Inc.*, 85 AD3d 877 [2011]). This burden may be established by presenting evidence that there was a storm in progress when

the injured plaintiff allegedly slipped and fell (*id.*; *see Sfakianos v Big Six Towers, Inc.*, 46 AD3d 665 [2007]). Under the "storm in progress" rule, a property owner will not be held liable for accidents occurring as a result of the accumulation of snow or ice on its premises until an adequate period of time has passed following the cessation of the storm, within which time the owner has the opportunity to ameliorate the hazards caused by the storm (*see Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Sfakianos v Big Six Towers, Inc.*, 46 AD3d 665 [2007]; *Smith v Leslie*, 270 AD2d 333 [2000]; *Taylor v New York City Tr. Auth.*, 266 AD2d 384 [1999]; *Mangieri v Prime Hospitality Corp.*, 251 AD2d 632, 633 [1998]).

Contrary to the plaintiffs' contentions, the Church established its prima facie entitlement to judgment as a matter of law by submitting evidence that the storm did not cease until, at the earliest, 11:30 P.M. the night before the alleged accident, which occurred at 8:00 A.M. The Church demonstrated that it did not have a reasonably sufficient time to remedy the allegedly dangerous condition (*see Brandon v Hallivis*, 67 AD3d 618 [2009]; *Sfakianos v Big Six Towers, Inc.*, 46 AD3d 665 [2007]; *Whitt v St. John's Episcopal Hosp.*, 258 AD2d 648, 648-649 [1999]; *Urena v New York City Tr. Auth.*, 248 AD2d 377, 378 [1998]; *Drake v Prudential Ins. Co.*, 153 AD2d 924 [1989]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the storm in progress rule applies (*see Amplo v Milden Ave. Realty Assoc.*, 52 AD3d 750, 751 [2008]; *cf. Bowen v City Univ. of N.Y.*, 294 AD2d 322 [2002]; *see also Brandon v Hallivis*, 67 AD3d at 618; *Sfakianos v Big Six Towers, Inc.*, 46 AD3d at 665; *Whitt v St. John's Episcopal Hosp.*, 258 AD2d at 648-649; *Urena v New York City Tr. Auth.*, 248 AD2d at 378; *Drake v Prudential Ins. Co.*, 153 AD2d at 924). The plaintiffs also failed to raise a triable issue of fact as to whether the accident was caused by a slippery condition at the location where the injured plaintiff allegedly fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and whether the defendant had actual or constructive notice of the preexisting condition (*see Meyers v Big Six Towers, Inc.*, 85 AD3d at 877-878; *Sfakianos v Big Six Towers, Inc.*, 46 AD3d at 665; *DeVito v Harrison House Assoc.*, 41 AD3d 420 [2007]; *Robinson v Trade Link Am.*, 39 AD3d 616, 617 [2007]; *see also Myrow v City of Poughkeepsie*, 3 AD3d 480 [2004]).

The plaintiffs' remaining contention is without merit.

Accordingly, the Supreme Court properly granted the Church's motion for summary judgment dismissing the complaint (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.