■ HUAN NU LU, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [978 NYS2d 907]—

As the proponent of the motion for summary judgment, the defendant had the burden of establishing, prima facie, that it neither created the snow and ice condition which allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition (*see Smith v Christ's First Presbyt. Church of Hempstead*, 93 AD3d 839 [2012]; *Meyers v Big Six Towers, Inc.*, 85 AD3d 877 [2011]). The defendant could satisfy this burden by presenting evidence that there was a storm in progress when the plaintiff allegedly slipped and fell (*see Smith v Christ's First Presbyt. Church of Hempstead*, 93 AD3d 839, 840 [2012]; *Meyers v Big Six Towers, Inc.*, 85 AD3d at 877; *Sfakianos v Big Six Towers, Inc.*, 46 AD3d 665 [2007]). " 'Under the so-called "storm in progress" rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm' " (*Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524, 524 [2012], quoting *Marchese v Skenderi*, 51 AD3d 642, 642 [2008]; *see Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Weller v Paul*, 91 AD3d 945 [2012]).

The Supreme Court properly concluded that the defendant, in support of its motion for summary judgment, established its prima facie entitlement to judgment as a matter of law under the storm in progress rule (*see Smilowitz v GCA Serv. Group, Inc.*, 101 AD3d 1101, 1102 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint, and denied, as academic, the plaintiff's cross motion to compel disclosure. Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.