# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1356**

**CA 13-00964**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

WILLIAM QUILL, JR., PLAINTIFF-RESPONDENT,

V                                           MEMORANDUM AND ORDER

CHURCHVILLE-CHILI CENTRAL SCHOOL DISTRICT,
DEFENDANT-APPELLANT.

---

OSBORN, REED & BURKE, LLP, ROCHESTER (JEFFREY P. DIPALMA OF COUNSEL),
FOR DEFENDANT-APPELLANT.

FITZSIMMONS, NUNN & PLUKAS, LLP, ROCHESTER (JASON E. ABBOTT OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment and order (one paper) of the Supreme
Court, Monroe County (John J. Ark, J.), entered August 15, 2012 in a
personal injury action. The judgment and order, among other things,
denied the motion of defendant for summary judgment dismissing the
complaint.

It is hereby ORDERED that the judgment and order insofar as
appealed from is unanimously reversed on the law without costs, the
motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained when he slipped and fell on snow or ice in a
school parking lot located in defendant school district. Supreme
Court erred in denying defendant's motion for summary judgment
dismissing the complaint. Defendant contended in support of the
motion that it had no duty to remove the snow and ice from the parking
lot because there was a storm in progress at the time plaintiff fell
and, in denying the motion, the court determined that, "[w]hile
defendant . . . had no duty to remove snow until the storm had ended,
factual issues remain regarding the claimed presence of pre-existing
hard-packed snow, and attendant actual or constructive notice to
defendant." We conclude that defendant met its initial burden on the
motion by establishing that there was a storm in progress at the time
of the accident (*see Glover v Botsford*, 109 AD3d 1182, 1183; *Meyers v
Big Six Towers, Inc.*, 85 AD3d 877, 877). Plaintiff fell at
approximately 6:30 a.m. on December 17, 2008, as he was walking back
to his truck after removing waste from a dumpster in defendant's
parking lot. According to defendant's expert meteorologist, a
snowstorm began in the Rochester area between 10:00 p.m. on December
16, 2008 and 12:00 a.m. on December 17, 2008, and snow and freezing
rain continued until approximately 10:00 a.m. on December 17, 2008.

Furthermore, a groundsman at the school that morning testified that it was snowing before and at the time plaintiff fell. Contrary to plaintiff's contention, he failed to raise a triable issue of fact "whether the accident was caused by a slippery condition at the location where the plaintiff fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and that the defendant had actual or constructive notice of the preexisting condition" (*Meyers*, 85 AD3d at 878; *see Chapman v Pyramid Co. of Buffalo*, 63 AD3d 1623, 1624). We note that plaintiff contends for the first time on appeal that defendant failed to establish that it did not create a hazardous condition or exacerbate the hazards of the storm and thus that contention is not properly before us (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985)

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court