Appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered August 15, 2012 in a personal injury action. The judgment and order, among other things, denied the motion of defendant for summary judgment dismissing the complaint.
It is hereby ordered that the judgment and order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell on snow or ice in a school parking lot located in defendant school district. Supreme Court erred in denying defendant’s motion for summary judgment dismissing the complaint. Defendant contended *1212 in support of the motion that it had no duty to remove the snow and ice from the parking lot because there was a storm in progress at the time plaintiff fell and, in denying the motion, the court determined that, “[w]hile defendant . . . had no duty to remove snow until the storm had ended, factual issues remain regarding the claimed presence of pre-existing hard-packed snow, and attendant actual or constructive notice to defendant.” We conclude that defendant met its initial burden on the motion by establishing that there was a storm in progress at the time of the accident (see Glover v Botsford, 109 AD3d 1182, 1183 [2013]; Meyers v Big Six Towers, Inc., 85 AD3d 877, 877 [2011]). Plaintiff fell at approximately 6:30 a.m. on December 17, 2008, as he was walking back to his truck after removing waste from a dumpster in defendant’s parking lot. According to defendant’s expert meteorologist, a snowstorm began in the Rochester area between 10:00 p.m. on December 16, 2008 and 12:00 a.m. on December 17, 2008, and snow and freezing rain continued until approximately 10:00 a.m. on December 17, 2008. Furthermore, a groundsman at the school that morning testified that it was snowing before and at the time plaintiff fell. Contrary to plaintiffs contention, he failed to raise a triable issue of fact “whether the accident was caused by a slippery condition at the location where the plaintiff fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and that the defendant had actual or constructive notice of the preexisting condition” (Meyers, 85 AD3d at 878; see Chapman v Pyramid Co. of Buffalo, 63 AD3d 1623, 1624 [2009]). We note that plaintiff contends for the first time on appeal that defendant failed to establish that it did not create a hazardous condition or exacerbate the hazards of the storm and thus that contention is not properly before us (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [1994]) Present — Smith, J.P, Fahey, Lindley, Sconiers and Whalen, JJ.