PAULA RYAN et al., Appellants, v TACONIC REALTY ASSOCIATES et al., Defendants/Third-Party Plaintiffs-Respondents, and L&L ENTERPRISES 123, LLC, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [997 NYS2d 143]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Rosa, J.), dated January 25, 2013, which granted that branch of the cross motion of the defendants/third-party plaintiffs, Taconic Realty Associates and Page Park Associates, LLC, which was for summary judgment dismissing the complaint and that branch of the motion of the third-party defendant L&L Enterprises 123, LLC, which was for summary judgment dismissing the third-party complaint insofar as asserted against it.

Ordered that the appeal from so much of the order as granted that branch of the motion of the third-party defendant L&L Enterprises 123, LLC, which was for summary judgment dismissing the third-party complaint insofar as asserted against it is dismissed, as the plaintiff is not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed, with one bill of costs to the defendants/third-party plaintiffs-respondents and the third-party defendant-respondent appearing separately and filing separate briefs.

During the morning of December 31, 2008, the plaintiff Paula Ryan (hereinafter the injured plaintiff) allegedly was injured after slipping and falling in the parking lot of her workplace in Hyde Park. In July 2010, the injured plaintiff, and her husband suing derivatively, commenced this action against Taconic Realty

Associates and Page Park Associates, LLC (hereinafter together the defendants/third-party plaintiffs), which thereafter commenced a third-party action against, among others, L&L Enterprises 123, LLC (hereinafter the third-party defendant) the company that was hired to perform snow removal services at the subject property. The Supreme Court granted the cross motion of the defendants/third-party plaintiffs for summary judgment dismissing the complaint and the motion of the third-party defendant for summary judgment dismissing the third-party complaint insofar as asserted against it. The plaintiffs appeal.

As the proponents of the cross motion for summary judgment, the defendants/third-party plaintiffs had the burden of establishing, prima facie, that they neither created the snow and ice condition nor had actual or constructive notice of the condition (*see Smith v Christ's First Presbyt. Church of Hempstead*, 93 AD3d 839 [2012]; *Meyers v Big Six Towers, Inc.*, 85 AD3d 877 [2011]). This burden may be satisfied by presenting evidence that there was a storm in progress when the plaintiff allegedly slipped and fell (*see Huan Nu Lu v New York City Tr. Auth.*, 113 AD3d 818 [2014]; *Smith v Christ's First Presbyt. Church of Hempstead*, 93 AD3d at 839; *Meyers v Big Six Towers, Inc.*, 85 AD3d at 877; *Sfakianos v Big Six Towers, Inc.*, 46 AD3d 665 [2007]). Under the "storm in progress rule," a landowner generally cannot be held liable for injuries sustained as a result of slippery conditions that occur during an ongoing storm, or for a reasonable time thereafter (*see Abramo v City of Mount Vernon*, 103 AD3d 760, 761 [2013]; *Smilowitz v GCA Serv. Group, Inc.*, 101 AD3d 1101 [2012]; *Weller v Paul*, 91 AD3d 945, 947 [2012]; *Mazzella v City of New York*, 72 AD3d 755, 756 [2010]).

The transcript of the deposition testimony of the injured plaintiff and the certified meteorological records submitted by the defendants/third-party plaintiffs in support of their cross motion established, prima facie, that it was snowing at the time of the occurrence and, accordingly, that the "storm in progress" rule applies here. In opposition, the plaintiffs raised what clearly appear to be feigned issues of fact intended solely to avoid the consequences of the injured plaintiff's prior admission that the snow had started falling before the accident (*see Marchese v Skenderi*, 51 AD3d 642 [2008]; *Nieves v JHH Transp., LLC*, 40 AD3d 1060 [2007]).

Accordingly, the Supreme Court properly granted that branch of the cross motion of the defendants/third-party plaintiffs which was for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.