■ Rae Dylan, Appellant, v CEJ Properties, LLC, Respondent. [50 NYS3d 483]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated May 18, 2016, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly slipped and fell on ice, which was underneath snow, while walking on the public sidewalk abutting property owned by the defendant in Manhattan. The plaintiff commenced this action against the defendant, alleging negligence. The defendant moved for summary judgment dismissing the complaint, asserting that because a storm was in progress when the plaintiff slipped and fell, it could not be held liable. The Supreme Court granted the motion, and the plaintiff appeals. We reverse.

As the proponent of its motion for summary judgment, the defendant had the burden of establishing, prima facie, that it neither created the ice condition nor had actual or constructive notice of the condition (see *Ryan v Taconic Realty Assoc.*, 122 AD3d 708, 709 [2014]; *Smith v Christ's First Presbyt. Church of Hempstead*, 93 AD3d 839 [2012]; *Meyers v Big Six Towers, Inc.*, 85 AD3d 877 [2011]). This burden may be satisfied by presenting evidence that there was a storm in progress when the injured plaintiff allegedly slipped and fell (see *Smith v Christ's First Presbyt. Church of Hempstead*, 93 AD3d at 839-840; *Meyers v Big Six Towers, Inc.*, 85 AD3d at 877; *Sfakianos v Big Six Towers, Inc.*, 46 AD3d 665 [2007]). "Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (*Marchese v Skenderi*, 51 AD3d 642, 642 [2008]; see *Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *Dumela-Felix v FGP W. St., LLC*, 135 AD3d 809 [2016]; *McCurdy v KYMA Holdings, LLC*, 109 AD3d 799 [2013]; *Smith v Christ's First Presbyt. Church of Hempstead*, 93 AD3d at 840; *Weller v Paul*, 91 AD3d 945, 947 [2012]). However, if a storm is ongoing, and a property owner elects to remove snow, it must do so with reasonable care or it could be held liable for creating or exacerbating a natural hazard created by the storm (see *Kantor v Leisure Glen Homeowners Assn., Inc.*, 95 AD3d 1177

[2012]; *Petrocelli v Marrelli Dev. Corp.*, 31 AD3d 623 [2006]; *Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d 546 [2006]; *Chaudhry v East Buffet & Rest.*, 24 AD3d 493, 494 [2005]).

Here, in support of its motion, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence, which included the affidavit of its meteorologist, as well as certified climatological data, which demonstrated that the subject accident occurred while a storm was in progress (*see Ryan v Taconic Realty Assoc.*, 122 AD3d at 709; *Huan Nu Lu v New York City Tr. Auth.*, 113 AD3d 818, 819 [2014]; *Marchese v Skenderi*, 51 AD3d at 643). In opposition, the evidence relied upon by the plaintiff, which included her affidavit and the affidavit of her meteorologist, raised a triable issue of fact as to whether any snow removal efforts the defendant undertook prior to the accident in relation to the storm either created or exacerbated the ice condition which allegedly caused the plaintiff to fall (*see Lopez-Calderone v Lang-Viscogliosi*, 127 AD3d 1143 [2015]; *Boeje v Anastasio*, 19 AD3d 442 [2005]; *Nembhard v Mount Vernon City School Dist. Bd. of Educ.*, 300 AD2d 456 [2002]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment. Rivera, J.P., Balkin, Chambers and Cohen, JJ., concur.