Brandimarte v Liat Holding Corp. (2018 NY Slip Op 01042)





Brandimarte v Liat Holding Corp.


2018 NY Slip Op 01042


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-10332
 (Index No. 10714/14)

[*1]Sharon Brandimarte, appellant, 
v
Liat Holding Corp., et al., respondents.


Cellino & Barnes, P.C., New York, NY (Kathleen E. Beatty of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Nicholas P. Hurzeler and Meredith Drucker Nolen of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated August 30, 2016, which granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured when she slipped and fell on a large patch of ice on a sidewalk abutting a property owned by the defendant Liat Holding Corp., and occupied by the defendant Admiral Air Conditioning Corp. (hereinafter Admiral Air), in Queens. After the accident, the plaintiff commenced this action to recover damages for personal injuries. The defendants moved, inter alia, for summary judgment dismissing the complaint, contending that the storm in progress rule applied. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. The plaintiff appeals.
Here, as the proponents of the motion for summary judgment, the defendants had the burden of establishing, prima facie, that they neither created the ice condition nor had actual or constructive notice of the condition (see Ryan v Taconic Realty Assoc., 122 AD3d 708, 709; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839; Meyers v Big Six Towers, Inc., 85 AD3d 877). This burden may be satisfied by presenting evidence that there was a storm in progress when the plaintiff allegedly slipped and fell (see Huan Nu Lu v New York City Tr. Auth., 113 AD3d 818, 819; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d at 839-840). "Under the so-called storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Marchese v Skenderi, 51 AD3d 642, 642; see Solazzo v New York City Tr. Auth., 6 NY3d 734, 735; Dylan v CEJ Props., LLC, 148 AD3d 1115, 1116; Aronov v St. Vincent's Hous. Dev. Fund Co., Inc., 145 AD3d 648, 649).
Here, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law based on the storm in progress rule (see generally McBryant v Pisa Holding Corp., 110 AD3d 1034). In support of their motion, the defendants submitted a copy of the transcript of the plaintiff's deposition, at which she testified that light rain began to fall about 15 minutes prior [*2]to her accident, and that no precipitation fell the day before the accident. The defendants also submitted a copy of the transcript of the deposition of the office manager for Admiral Air, who testified that she had no recollection of the weather conditions on the day of the accident. The office manager also did not know when the sidewalk was last inspected or what it looked like within a reasonable time prior to the accident. The defendants also submitted video footage and screen shots from a security camera, but this evidence was not probative because it did not clearly depict the surface where the plaintiff slipped. Finally, the defendants submitted a climatological analysis report which was not signed and notarized, and therefore not admissible (see Wei Wen Xie v Ye Jiang Yong, 111 AD3d 617, 618-619).
The defendants submitted a signed and notarized climatological analysis report with their reply papers. However, the Supreme Court should not have considered that report, as it was improperly submitted for the first time with the reply papers (see Poole v MCPJF, Inc., 127 AD3d 949; Damas v Valdes, 84 AD3d 87, 96). Accordingly, the defendants failed to establish, prima facie, that the storm in progress rule applied and that the ice upon which the plaintiff slipped was the result of an ongoing storm. Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint.
LEVENTHAL, J.P., AUSTIN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court