Jeannot v Autozone, Inc. (2018 NY Slip Op 03966)





Jeannot v Autozone, Inc.


2018 NY Slip Op 03966


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-04788
 (Index No. 150441/15)

[*1]Frantz Jeannot, respondent, 
v
Autozone, Inc., et al., appellants.


Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for appellants.
Stefano A. Filippazzo, Brooklyn, NY (Louis A. Badolato of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated April 7, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him when he slipped and fell on the sidewalk in front of a Staten Island store owned and operated by the defendants. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the defendants' motion, and the defendants appeal.
The defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence, including climatological data, demonstrating, prima facie, that a storm was in progress at the time of the accident (see Dylan v CEJ Props., LLC, 148 AD3d 1115, 1117; Talamas v Metropolitan Transp. Auth., 120 AD3d 1333, 1334-1335; Meyers v Big Six Towers, Inc., 85 AD3d 877, 877). The plaintiff failed to raise a triable issue of fact in opposition.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court