Ryan v Beacon Hill Estates Coop., Inc. (2019 NY Slip Op 02369)





Ryan v Beacon Hill Estates Coop., Inc.


2019 NY Slip Op 02369


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-00900
 (Index No. 51859/16)

[*1]Kathleen Ryan, appellant, 
v
Beacon Hill Estates Cooperative, Inc., et al., respondents.


Krentsel & Guzman (Michael H. Zhu, Esq., P. C., New York, NY [Brian Isaac], of counsel), for appellant.
Margaret G. Klein (Greater New York Mutual Insurance Company, New York, NY [Jonathan A. Messier], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated November 30, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff alleges that on January 17, 2016, at approximately 6:30 pm, she slipped and fell on ice beneath a layer of snow on a sidewalk adjacent to her residence located in Dobbs Ferry. At the time of the accident, the residence was owned by the defendant Beacon Hill Estates Cooperative, Inc., and maintained by the defendant Stillman Management, Inc. (hereinafter together the defendants). The plaintiff subsequently commenced this action to recover damages for personal injuries. The plaintiff alleges that the defendants were negligent in, among other things, failing to maintain the premises in a reasonably safe condition. After joinder of issue, the defendants moved for summary judgment dismissing the complaint on the ground that the storm in progress rule applied. The Supreme Court granted the defendants' motion. The plaintiff appeals.
The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that the storm in progress rule applied. A defendant moving for summary judgment in an action predicated upon the presence of snow or ice has the burden of establishing, prima facie, that it neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition (see Martino v Patmar Prop., Inc., 123 AD3d 890; Talamas v Metropolitan Transp. Auth., 120 AD3d 1333, 1334). This burden may be satisfied by "presenting evidence that there was a storm in progress when the injured plaintiff allegedly slipped and fell" (Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 839-840; see Meyers v Big Six Towers, Inc., 85 AD3d 877; Sfakianos v Big Six Towers, Inc., 46 AD3d 665). "Under the so-called storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Marchese v Skenderi, 51 AD3d 642, 642; see Solazzo v New York City Tr. Auth., 6 NY3d 734; Dumela-Felix v FGP W. St., [*2]LLC, 135 AD3d 809, 810; McCurdy v KYMA Holdings, LLC, 109 AD3d 799, 799-800; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d at 840; Weller v Paul, 91 AD3d 945, 947).
Here, the evidence submitted by the defendants in support of their motion, in particular, certified climatological data and an affidavit from the defendants' expert meteorologist, demonstrated, prima facie, that a storm was in progress at the time of the accident (see Pankratov v 2935 OP, LLC, 160 AD3d 757, 758-759; Dylan v CEJ Props., LLC, 148 AD3d 1115, 1116; Ryan v Taconic Realty Assoc., 122 AD3d 708, 709; Huan Nu Lu v New York City Tr. Auth., 113 AD3d 818, 819; Marchese v Skenderi, 51 AD3d at 643). The plaintiff does not contend that a storm was not in progress at the time of the accident (see Burniston v Ranric Enters. Corp., 134 AD3d 973, 974). The plaintiff's opposition papers failed to raise a triable issue of fact as to whether the accident was caused by ice that existed prior to the storm, as opposed to precipitation from the storm in progress, and whether the defendants had constructive notice of the alleged preexisting condition (see Amato v Brookhaven Professional Park, L.P., 162 AD3d 620, 620; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d at 840; Dowden v Long Is. R.R., 305 AD2d 631). The opinions contained in the affidavit of the plaintiff's meteorological expert as to when and how the ice was formed were based on speculation and conjecture (see Pankratov v 2935 OP, LLC, 160 AD3d at 759; Butler v Roman Catholic Diocese of Rockville Ctr., 123 AD3d 868, 869).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court