Allen v New York City Tr. Auth. (2019 NY Slip Op 04121)





Allen v New York City Tr. Auth.


2019 NY Slip Op 04121


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2018-05697
 (Index No. 12979/14)

[*1]Cecilia Allen, respondent, 
v
New York City Transit Authority, appellant-respondent, Caton Deli & Luncheonette Corp., respondent-appellant (and a third-party action).


Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellant-respondent.
Litchfield Cavo LLP, New York, NY (Justin T. Shain of counsel), for respondent-appellant.
Ornstein & Ornstein, P.C., Brooklyn, NY (Anthony T. Santora of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, and the defendant Caton Deli & Luncheonette Corp. cross-appeals, from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 2, 2018. The order, insofar as appealed from, denied the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as cross-appealed from, denied the motion of the defendant Caton Deli & Luncheonette Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with one bill of costs to the appellants, payable by the plaintiff, the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it is granted, and the motion of the defendant Caton Deli & Luncheonette Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
On February 26, 2014, sometime between 9:30 a.m. and 10:00 a.m., the plaintiff allegedly exited a subway station on Caton Avenue in Brooklyn, took two or three steps, and then slipped and fell on ice. She commenced this personal injury action against the defendants New York City Transit Authority (hereinafter NYCTA) and Caton Deli & Luncheonette Corp. (hereinafter Caton), alleging, among other things, that they were negligent in maintaining the area of the sidewalk where the accident occurred. Caton moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and NYCTA separately moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied both motions. NYCTA appeals, and Caton cross-appeals.
"Under the so-called storm in progress' rule, a property owner will not be held [*2]responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Marchese v Skenderi, 51 AD3d 642, 642; see Solazzo v New York City Tr. Auth., 6 NY3d 734; Dumela-Felix v FGP W. St., LLC, 135 AD3d 809, 809; McCurdy v KYMA Holdings, LLC., 109 AD3d 799; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 840). A defendant property owner may establish a prima facie case for summary judgment by presenting evidence that there was a storm in progress when the plaintiff allegedly slipped and fell (see Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d at 839-840; Meyers v Big Six Towers, Inc., 85 AD3d 877, 877; Sfakianos v Big Six Towers, Inc., 46 AD3d 665).
Here, the evidence that NYCTA submitted in support of its motion, including a transcript of the plaintiff's testimony at her General Municipal Law § 50-h hearing, a transcript of the plaintiff's deposition testimony, and certified climatological data, demonstrated, prima facie, that the subject accident occurred while a storm was in progress (see Pankratov v 2935 OP, LLC, 160 AD3d 757, 758-759; Dylan v CEJ Props., LLC, 148 AD3d 1115, 1116; Ryan v Taconic Realty Assoc., 122 AD3d 708, 709; Huan Nu Lu v New York City Tr. Auth., 113 AD3d 818, 819; Marchese v Skenderi, 51 AD3d at 643). In this regard, the plaintiff testified that it was snowing at the time of the accident, and the certified climatological data confirms that testimony.
In opposition, the plaintiff failed to raise a triable issue of fact. Her contention that she slipped and fell on ice that existed prior to the storm that was in progress on the date of the accident was based on speculation and conjecture (see Amato v Brookhaven Professional Park L.P., 162 AD3d 620, 620; Pankratov v 2935 OP, LLC, 160 AD3d at 759; Butler v Roman Catholic Diocese of Rockville Ctr., 123 AD3d 868, 869). Indeed, the plaintiff presented no evidence, expert or otherwise, that the ice on which she fell was not produced by the storm in progress on the date of the accident (see Dowden v Long Is. R.R., 305 AD2d 631; see also Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d at 840). Therefore, the Supreme Court should have granted NYCTA's motion for summary judgment dismissing the complaint insofar as asserted against it.
Since Caton also argued before the Supreme Court that the complaint and all cross claims insofar as asserted against it should be dismissed based on the application of the storm in progress rule, it too was entitled to summary judgment on that ground.
In light of our determination, we need not reach Caton's remaining contention.
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court