Campanella v St. John's Univ. (2019 NY Slip Op 07380)





Campanella v St. John's Univ.


2019 NY Slip Op 07380


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-12597
 (Index No. 6914/15)

[*1]Bianca R. Campanella, respondent,
v
St. John's University, appellant.


Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka, Andrea M. Alonso, and Kevin F. Mahon of counsel), for appellant.
Cohen & Cohen Law Group, P.C., Forest Hills, NY (Charles Haviv and Albert I. Cohen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered August 20, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On January 10, 2014, the plaintiff allegedly slipped and fell on a patch of ice on what was alternately described as a roadway or a pathway on the defendant's premises in Queens. The plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging that the defendant was negligent in, among other things, maintaining its premises. The defendant moved for summary judgment dismissing the complaint on the ground that the storm in progress rule applied. The Supreme Court denied the motion, and the defendant appeals.
In support of its motion, the defendant submitted evidence, including certified climatological data and the sworn report of a meteorologist, which demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that the storm in progress rule applied (see Isabel v New York City Hous. Auth., 171 AD3d 714; Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d 1215; Hyun Kyung Oh v Sky View Towers Holding, LLC, 167 AD3d 725, 725; Pankratov v 2935 OP, LLC, 160 AD3d 757, 758).
Contrary to the plaintiff's contention, his opposition papers failed to raise a triable issue of fact as to whether the accident was caused by ice that existed prior to the storm, as opposed to precipitation from the storm in progress, and whether the defendant had actual or constructive notice of the alleged preexisting condition (see Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d at 1215; Pankratov v 2935 OP, LLC, 160 AD3d at 758; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 840). In particular, the opinions contained in an affidavit of the plaintiff's meteorologist as to when and how the alleged ice patch was formed were based on speculation and conjecture (see Pankratov v 2935 OP, LLC, 160 AD3d at 759).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court