■ PETER SKOURAS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [852 NYS2d 206]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Cullen, J.), entered January 19, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff slipped and fell on a thin layer of snow covering the steps of a stairway leading from the mezzanine of the 104th Street elevated train station to the street. He alleged that he fell when his foot slipped out from under him at the edge of the platform at the top of the stairs, as he reached for the bannister.

A landowner generally cannot be held liable for injuries sustained as a result of slippery conditions that occur during an ongoing storm, or for a reasonable time thereafter (*see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *Powell v Cedar Manor Mut. Hous. Corp.*, 45 AD3d 749 [2007]; *Gray v City of New York*, 33 AD3d 857 [2006]). The defendant established, prima facie, through climatological data and other proof, that there was a storm in progress at the time of the plaintiff's fall. The plaintiff's opposition to the motion for summary judgment was insufficient to raise a triable issue of fact as to whether there was a storm in progress (*see DeStefano v City of New York*, 41 AD3d 528 [2007]).

The plaintiff's assertions, made in opposition to the summary judgment motion, that he fell as a result of the defendant's em-

ployees' snow removal operations, are premised solely on surmise and conjecture. There is no evidence in the record to support a determination that the transit employees' snow operations had addressed the stairs prior to the plaintiff's fall, or that the condition that caused his fall was other than that which he testified to, a thin layer of snow on the stairs that had not been cleaned. Speculation and surmise are insufficient to defeat a motion for summary judgment (*see Powell v Cedar Manor Mut. Hous. Corp.*, 45 AD3d 749 [2007]; *DeStefano v City of New York*, 41 AD3d 528 [2007]; *Gray v City of New York*, 33 AD3d 857 [2006]; *Myrow v City of Poughkeepsie*, 3 AD3d 480 [2004]).

The defendant did not have a duty to warn the plaintiff of the open and obvious condition of naturally accumulated snow on the stairs (*see Rao-Boyle v Alperstein*, 44 AD3d 1022 [2007]; *DeMarrais v Swift*, 283 AD2d 540 [2001]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Lifson, J.P., Ritter, Angiolillo and Carni, JJ., concur.