■ RANDY FISHER, Respondent, v SOLOMON H. KASTEN et al., Appellants. [2 NYS3d 189]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Pfau, J.), dated March 12, 2013, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff alleges that at approximately 8:00 a.m. on February 2, 2011, he was injured after slipping and falling on an icy condition on the landing of an exterior stairway of the apartment building in which he resided. Thereafter, the plaintiff commenced this action against Solomon H. Kasten and Sara B. Kasten, who owned the property, and Tzuporah Kasten, who helps maintain the property. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.

As the proponents of the motion for summary judgment, the defendants had the burden of establishing, prima facie, that they neither created the icy condition nor had actual or constructive notice of it (see Ryan v Taconic Realty Assoc., 122 AD3d 708, 708 [2014]; Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839 [2012]; Meyers v Big Six Towers, Inc., 85 AD3d 877 [2011]). This burden may be met by presenting evidence that there was a storm in progress when the plaintiff allegedly slipped and fell (see Ryan v Taconic Realty Assoc., 122

AD3d at 708; *Smith v Christ's First Presbyt. Church of Hempstead*, 93 AD3d at 839; *Meyers v Big Six Towers, Inc.*, 85 AD3d at 877; *Sfakianos v Big Six Towers, Inc.*, 46 AD3d 665 [2007]). "Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (*Rabinowitz v Marcovecchio*, 119 AD3d 762, 762 [2014] [internal quotation marks omitted]; *see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]; *Yassa v Awad*, 117 AD3d 1037, 1037-1038 [2014]; *Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524, 524 [2012]).

In support of their motion, the defendants submitted, among other things, a transcript of the plaintiff's deposition testimony, the affidavit of Tzuporah Kasten, and certified meteorological records, which demonstrated, prima facie, that it was sleeting at the time of the occurrence. Accordingly, the "storm in progress" rule applied here (*see Talamas v Metropolitan Transp. Auth.*, 120 AD3d 1333, 1334-1335 [2014]; *Rabinowitz v Marcovecchio*, 119 AD3d at 763).

In opposition, the plaintiff failed to raise a triable issue of fact. The defendants' general awareness of a recurring condition of water dripping from an awning above the landing onto the landing was insufficient to establish constructive notice of the specific icy condition that allegedly caused the plaintiff to fall (*see Solazzo v New York City Tr. Auth.*, 6 NY3d at 735; *Cruz v Rampersad*, 110 AD3d 669, 670 [2013]). Moreover, given the weather conditions, the plaintiff's expert's conclusion that the specific icy condition upon which the plaintiff slipped was caused by a defective awning was speculative (*see Morreale v Esposito*, 109 AD3d 800, 801 [2013]; *Coyne v Talleyrand Partners, L.P.*, 22 AD3d 627, 629 [2005]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.