Johnson v Pawling Cent. Sch. Dist. (2021 NY Slip Op 04543)





Johnson v Pawling Cent. Sch. Dist.


2021 NY Slip Op 04543


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-14407
 (Index No. 52378/16)

[*1]Dennis R. Johnson, appellant,
v
Pawling Central School District, respondent.


Grogan & Souto, P.C., Goshen, NY (Edward P. Souto of counsel), for appellant.
Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Ari I. Bauer of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Edward T. McLoughlin, J.), dated November 13, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action against the defendant to recover damages for injuries he allegedly sustained after slipping on black ice in a parking lot of the defendant's high school campus. Following discovery, the defendant moved for summary judgment dismissing the complaint. In an order dated November 13, 2018, the Supreme Court granted the motion. The plaintiff appeals.
The Supreme Court erred in finding that the storm in progress rule applied to the circumstances here. "A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence" (Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d 777, 778; see Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d 1215, 1215). To be entitled to summary judgment dismissing the complaint, the defendant's prima face burden "may be met by presenting evidence that there was a storm in progress when the plaintiff allegedly slipped and fell" (Fisher v Kasten, 124 AD3d 714, 714; see Meyers v Big Six Towers, Inc., 85 AD3d 877, 877). "Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Amato v Brookhaven Professional Park L.P., 162 AD3d 620, 620; see Solazzo v New York City Tr. Auth., 6 NY3d 734, 735; Fisher v Kasten, 124 AD3d at 714). While "[a] lull in the storm does not impose a duty to remove the accumulation of snow or ice before the storm ceases in its entirety" (Fenner v 1011 Rte. 109 Corp., 122 AD3d 669, 670), "if the storm has passed and precipitation has tailed off to such an extent that there is no longer any appreciable accumulation, then the rationale for continued delay abates, and commonsense would dictate that the rule not be applied" (Mazzella v City of New York, 72 AD3d 755, 756 [internal [*2]quotation marks omitted]; see Rabinowitz v Marcovecchio, 119 AD3d 762).
Here, in support of its motion, the defendant relied upon, among other things, climatological data for Poughkeepsie Airport and Danbury Municipal Airport in Connecticut, as well as spotter reports of snowfall accumulation in neighboring towns. However, because these records were not certified as business records, they were inadmissible (see CPLR 4518[a]; McBryant v Pisa Holding Corp., 110 AD3d 1034, 1035). In any event, the climatological data and spotter reports gathered from nearby areas were insufficient to demonstrate, prima facie, that the storm in progress rule applied (see Zempoalteca v Ginsberg, 159 AD3d 1024, 1024; Buroker v Country View Estate Condominium Assn., Inc., 54 AD3d 795, 795). Moreover, the climatological data was inconsistent and contradicted the parties' deposition testimony, transcripts of which the defendant also submitted in support of its motion, as to whether precipitation was falling at or near the time of the plaintiff's accident (see Yassa v Awad, 117 AD3d 1037, 1038). The defendant therefore failed to establish, prima facie, that the storm in progress rule applied.
Contrary to the defendant's contention, it failed to otherwise establish that it lacked constructive notice of the allegedly icy condition. "To provide constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it" (Pryzywalny v New York City Tr. Auth., 69 AD3d 598, 599). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599). However, "[m]ere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (Herman v Lifeplex, LLC, 106 AD3d 1050, 1051). Here, the testimony of the defendant's witness, at best, established the defendant's general inspection practices with respect to snow and ice on the defendant's property (see Nsengiyumva v Amalgamated Warbasse Houses, Inc., 180 AD3d 799, 800). Thus, absent specific evidence that this area was inspected prior to the plaintiff's fall, the defendant cannot rely on this testimony in meeting its prima facie burden (see Feola v City of New York, 102 AD3d 827, 828; cf. Farren v Board of Educ. of City of N.Y., 119 AD3d 518, 519).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; McBryant v Pisa Holding Corp., 110 AD3d at 1036).
LASALLE, P.J., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court