Colon v New York City Tr. Auth. (2022 NY Slip Op 00398)





Colon v New York City Tr. Auth.


2022 NY Slip Op 00398


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2019-14159
 (Index No. 512083/16)

[*1]Carmelo Colon, appellant, 
v
New York City Transit Authority, respondent.


David J. Hernandez, Brooklyn, NY, for appellant.
Anna Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated October 4, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries. The plaintiff testified at a General Municipal Law § 50-h hearing and his deposition that he slipped and fell while descending a staircase to an underground subway station on January 23, 2016. The plaintiff further testified at the 50-h hearing that it was snowing at the time that he slipped, and that there was snow present on the steps to the subway station at that time.
The defendant moved for summary judgment dismissing the complaint, contending that it could not be held liable for the plaintiff's injuries pursuant to the storm-in-progress doctrine. The Supreme Court granted the defendant's motion. The plaintiff appeals. We affirm.
"In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence" (Blair v Loduca, 164 AD3d 637, 638-639). "This burden may be established by presenting evidence that there was a storm in progress when the injured plaintiff allegedly slipped and fell" (Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 839-840; see Meyers v Big Six Towers, Inc., 85 AD3d 877, 877-878). "Under the 'storm in progress' rule, a property owner will not be held liable for accidents occurring as a result of the accumulation of snow or ice on its premises until an adequate period of time has passed following the cessation of the storm, within which time the owner has the opportunity to ameliorate the hazards caused by the storm" (Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d at 840). "However, even if a storm is ongoing, once a property owner elects to remove snow or ice, it must do so with reasonable care or it could be held liable for creating a hazardous condition or exacerbating a natural hazard created by the storm" (Koh Chong Wong v Kontonis, 128 AD3d 1019, 1020; see Blair v Loduca, 164 AD3d at 639; Wei Wen Xie v Ye Jiang Yong, 111 AD3d 617, 618).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting the transcript of the plaintiff's deposition testimony and certified weather [*2]reports, which demonstrated that there was a storm in progress at the time of the plaintiff's accident (see Meyers v Big Six Towers, Inc., 85 AD3d at 877; Skouras v New York City Tr. Auth., 48 AD3d 547; Sfakianos v Big Six Towers, Inc., 46 AD3d 665, 665; Mangieri v Prime Hospitality Corp., 251 AD2d 632, 633). Contrary to the plaintiff's contention, there is nothing in the defendant's submissions that would support a determination that the defendant's employees undertook any snow removal efforts on the relevant staircase while the storm was in progress, and the defendant was therefore not required to affirmatively establish the reasonableness of any such undertaking as a component of its prima facie case (see Skouras v New York City Tr. Auth., 48 AD3d at 547-548; see also Baumann v Dawn Liqs., Inc., 2016 NY Slip Op 30867[U], *1 [Sup Ct, New York County], affd 148 AD3d 535; cf. Blair v Loduca, 164 AD3d at 639; Koh Chong Wong v Kontonis, 128 AD3d at 1020; Wei Wen Xie v Ye Jiang Yong, 111 AD3d at 618).
In light of the foregoing, "the burden shifted to the plaintiff to raise a triable issue of fact as to whether the precipitation from the storm in progress was not the cause of his accident" (Meyers v Big Six Towers, Inc., 85 AD3d at 877-878). In this regard, the plaintiff failed to submit evidence that the plaintiff slipped and fell as a result of any snow removal efforts undertaken by the defendant during the storm in progress, or as a result of something other than the snow that had accumulated during the storm that was in progress at the time (see Marchese v Skenderi, 51 AD3d 642, 643; Powell v Cedar Manor Mut. Hous. Corp., 45 AD3d 749, 750). Accordingly, the plaintiff failed to raise a triable issue of fact in opposition to the defendant's prima facie showing (see Meyers v Big Six Towers, Inc., 85 AD3d at 877; Skouras v New York City Tr. Auth., 48 AD3d at 547-548; Evans v MTA/New York City Tr. Auth., 41 AD3d 533, 534; Mangieri v Prime Hospitality Corp., 251 AD2d at 633).
The plaintiff's remaining contentions either need not be reached in light of the foregoing, or are without merit. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court