Ashfaq v Ice Cream Depot Corp. (2022 NY Slip Op 05674)

Ashfaq v Ice Cream Depot Corp.

2022 NY Slip Op 05674

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2017-06358 
2017-06359
 (Index No. 16271/10)

[*1]Muhammed Ashfaq, et al., appellants,
v
Ice Cream Depot Corp., et al., respondents, et al., defendants.

Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis and Bhurtel Law Firm PLLC [Dylan J. Brennan], of counsel), for appellants.
Furey, Furey, Leverage, Manzione, Williams & Darlington, P.C., Hempstead, NY (Susan Weihs Darlington of counsel), for respondents Ice Cream Depot Corp. and Elizabeth M. Keller, as the administrator of the estate of Charles Battipede.
Mark E. Alter (Rubin Law, PLLC, New York, NY [Denise A. Rubin], of counsel), for respondents Anthony Ivanditto, David Ivanditto, and Ivanditto Land Corporation.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated June 24, 2016, and (2) an order of the same court dated April 13, 2017. The order dated June 24, 2016, inter alia, directed the plaintiffs to comply with certain outstanding discovery requests. The order dated April 13, 2017, granted that branch of the motion of the defendants Ice Cream Depot Corp. and Charles Battipede, separately joined by the defendants Anthony Ivanditto, David Ivanditto, and Ivanditto Land Corporation, and the defendant Paul A. Lock, which was pursuant to CPLR 3126 to strike the amended complaint, and denied, as academic, the plaintiffs' motion pursuant to CPLR 3126 to strike the defendants' answers or, in the alternative, to preclude the answering defendants from offering evidence at trial.
ORDERED that the appeal from the order dated June 24, 2016, is dismissed as abandoned; and it is further,
ORDERED that the order dated April 13, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The plaintiff Muhammed Ashfaq allegedly was robbed and assaulted while on property owned and maintained by the defendants Ice Cream Depot Corp. and Charles Battipede (hereinafter together the ICD defendants), the defendants Anthony Ivanditto, David Ivanditto, and Ivanditto Land Corporation (hereinafter collectively the Ivanditto defendants), and the defendant Paul A. Lock (hereinafter collectively with the ICD defendants and the Ivanditto defendants, the [*2]defendants). Ashfaq, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries and loss of consortium. Following several court conferences related to outstanding discovery, the Supreme Court, in an order dated June 24, 2016, among other things, directed the plaintiffs to provide the defendants with outstanding discovery memorialized and described in correspondence dated April 4, 2016, from counsel for the ICD defendants, including medical authorizations and tax records related to the plaintiffs' allegations.
The ICD defendants thereafter moved, inter alia, pursuant to CPLR 3126 to strike the amended complaint based on the plaintiffs' failure to comply with the order dated June 24, 2016. The Ivanditto defendants and Lock separately joined the motion. While that motion was pending, the plaintiffs moved pursuant to CPLR 3126 to strike the defendants' answers or, in the alternative, to preclude the defendants from offering evidence at trial based on their failure to appear for depositions and to comply with the plaintiffs' discovery demands. In an order dated April 13, 2017, the Supreme Court granted that branch of the ICD defendants' motion, joined by the Ivanditto defendants and Lock, which was to strike the amended complaint, and denied the plaintiffs' motion as academic. The plaintiffs appeal from the orders dated June 24, 2016, and April 13, 2017.
The plaintiffs' appeal from the order dated June 24, 2016, must be dismissed as abandoned, as the plaintiffs' brief does not request modification or reversal of any portion of that order (see Burke v Newburgh Enlarged City Sch. Dist., 195 AD3d 674, 677; Johnson v Aguwa, 176 AD3d 1039, 1041; Sanchez v Rivera, 171 AD3d 965, 966).
"Although actions should be resolved on the merits wherever possible, a court may strike the 'pleadings or parts thereof' as a sanction against a party who 'refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed'" (Bouri v Jackson, 177 AD3d 947, 949, quoting CPLR 3126 [citations omitted]; see Von Maack v Wyckoff Hgts. Med. Ctr., 195 AD3d 769, 770). "Where a party in these circumstances disobeys a court order and by his [or her] conduct frustrates the disclosure scheme provided by the CPLR, dismissal of the complaint is within the broad discretion of the trial court" (Zletz v Wetanson, 67 NY2d 711, 713; see HSBC Bank USA, N.A. v Branker, 177 AD3d 954, 958).
"The drastic remedy of dismissing a complaint for a plaintiff's failure to comply with court-ordered discovery is warranted where a party's conduct is shown to be willful and contumacious. The willful and contumacious character of a party's conduct can be inferred from either (1) the repeated failure to respond to demands or comply with court-ordered discovery, without a reasonable excuse for these failures, or (2) the failure to comply with court-ordered discovery over an extended period of time" (Williams v Suttle, 168 AD3d 792, 793 [citations omitted]; see Von Maack v Wyckoff Hgts. Med. Ctr., 195 AD3d at 770; Bouri v Jackson, 177 AD3d at 949).
Here, the willful and contumacious nature of the plaintiffs' conduct may properly be inferred from their repeated failures, without a reasonable excuse, to comply with the defendants' discovery demands, the order dated June 24, 2016, and prior so-ordered stipulations (see Von Maack v Wyckoff Hgts. Med. Ctr., 195 AD3d at 771; HSBC Bank USA, N.A. v Branker, 177 AD3d at 958). Under these circumstances, the Supreme Court providently exercised its discretion in granting that branch of the ICD defendants' motion, joined by the Ivanditto defendants and Lock, which was to strike the amended complaint.
In light of the foregoing, we need not reach the plaintiffs' contention that the Supreme Court erred in denying their motion to strike the defendants' answers or, in the alternative, to preclude the defendants from offering evidence at trial. The plaintiffs' remaining contentions are improperly raised for the first time on appeal.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court