Cerar v Jefferson Val. Mall L.P. (2024 NY Slip Op 01531)

Cerar v Jefferson Val. Mall L.P.

2024 NY Slip Op 01531

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2020-00626
 (Index No. 57221/17)

[*1]Theresa Cerar, appellant, 
v
Jefferson Valley Mall Limited Partnership, et al., respondents.

Frekhtman & Associates, Brooklyn, NY (Martin M. Howfield of counsel), for appellant.
Gallo Vitucci Klar, LLP, Woodbury, NY (Anne Marie Garcia of counsel), for respondents Jefferson Valley Mall Limited Partnership, Mall at Jefferson Valley, LLC, Washington Prime Group, L.P., Washington Prime Properties, LLC, Macy's, Inc., and Macy's Retail Holdings, Inc.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondent Griffin's Landscaping Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated January 2, 2020. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Jefferson Valley Mall Limited Partnership, Mall at Jefferson Valley, LLC, Washington Prime Group, L.P., Washington Prime Properties, LLC, Macy's, Inc., and Macy's Retail Holdings, Inc. and the defendant Griffin's Landscaping Corp. which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly sustained injuries as a result of an incident that occurred during the evening of December 17, 2016, when she slipped and fell on ice in the parking lot of the Jefferson Valley Mall in the Town of Yorktown Heights. A contract between the defendant Jefferson Valley Mall Limited Partnership and the defendant Griffin's Landscaping Corp. (hereinafter Griffin's) set forth that Griffin's would provide certain snow removal and salting services in the parking lot of the mall. The plaintiff commenced this action to recover damages for personal injuries against Jefferson Valley Mall Limited Partnership, the defendants Mall at Jefferson Valley, LLC, Washington Prime Group, L.P., Washington Prime Properties, LLC, Macy's, Inc., and Macy's Retail Holdings, Inc. (hereinafter collectively the Mall defendants). In an amended complaint, the plaintiff added Griffin's as a party defendant. Following discovery, the Mall defendants and Griffin's separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against each of them. The Supreme Court granted those branches of the separate motions. The plaintiff appeals.
The Supreme Court properly granted that branch of the Mall defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them. "In general, a real property owner or a party in possession or control of real property will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice [of it]" (Elizee v Village of Amityville, 172 AD3d 1004, 1004; see Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1014; Elassad v Nastasi, 165 AD3d 1040, 1040). Thus, "[i]n a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous condition nor had actual or constructive notice of its existence" (Elizee v Village of Amityville, 172 AD3d at 1004; see Elassad v Nastasi, 165 AD3d at 1040-1041).
"To be entitled to summary judgment dismissing the complaint, the defendant's prima facie burden 'may be met by presenting evidence that there was a storm in progress when the plaintiff allegedly slipped and fell'" (Johnson v Pawling Cent. Sch. Dist., 196 AD3d 686, 687, quoting Fisher v Kasten, 124 AD3d 714, 714). "'Under the storm in progress rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm'" (Johnson v Pawling Cent. Sch. Dist., 196 AD3d at 687, quoting Amato v Brookhaven Professional Park L.P., 162 AD3d 620, 620; see Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021; Solazzo v New York City Tr. Auth., 6 NY3d 734, 735).
Here, the Mall defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence, including a transcript of the plaintiff's deposition testimony, the report of a meteorologist, certified meteorological records, and National Weather Service special weather statements, demonstrating that the ice on which the plaintiff slipped was formed by ongoing temperature fluctuations and drizzle during the evening of December 17, 2016, and thus, the storm in progress rule applied (see Fisher v Kasten, 124 AD3d at 715). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the storm had ceased at the time of the accident or whether the ice condition on which she fell existed prior to the storm (see Pennino v Brooklyn Kings Plaza, LLC, 186 AD3d 1701, 1703; Campanella v St. John's Univ., 176 AD3d 913). Although the plaintiff's expert meteorologist theorized that the specific icy condition on which the plaintiff slipped was caused by nearby piles of earlier plowed snow that had melted and refroze, this conclusion was speculative (see Elizee v Village of Amityville, 172 AD3d at 1005; Fisher v Kasten, 124 AD3d at 715; Morreale v Esposito, 109 AD3d 800, 801).
The Supreme Court also properly granted that branch of the motion of Griffin's which was for summary judgment dismissing the amended complaint insofar as asserted against it. Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). "However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Martinelli v Dublin Deck, Inc., 198 AD3d 635, 637; see Espinal v Melville Snow Contrs., 98 NY2d at 140). "Where the pleadings do not allege facts which would establish the applicability of any of the Espinal exceptions, a defendant is not required to affirmatively demonstrate that the exceptions do not apply in order to establish its prima facie entitlement to judgment as a matter of law" (Calle v 16th Ave. Grocery, Inc., 219 AD3d 450, 451; see Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d at 1013; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214).
Here, Griffin's demonstrated its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it with evidence that the plaintiff was not a party to its contract for snow removal and salting services (see Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d at 1013). Since the plaintiff did not allege facts in her pleadings [*2]that would establish the possible applicability of any of the Espinal exceptions, Griffin's was not required to affirmatively demonstrate that these exceptions did not apply in order to establish its prima facie entitlement to judgment as a matter of law (see id.; Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d 862, 863; Foster v Herbert Slepoy Corp., 76 AD3d at 214). In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability of one or more of the three Espinal exceptions (see Foster v Herbert Slepoy Corp., 76 AD3d at 214).
CONNOLLY, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court