Polis v City of New York (2024 NY Slip Op 04332)

Polis v City of New York

2024 NY Slip Op 04332

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2021-03264
2021-04217
 (Index No. 708678/18)

[*1]Ursula Polis, appellant, 
v
City of New York, et al., defendants, Nora Maranzano, respondent.

Sacco & Fillas, LLP, Bayside, NY (Richard Schirmer of counsel), for appellant.
James F. Butler, Jericho, NY (Marcella Gerbasi Crewe of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from two orders of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), both entered April 23, 2021. The first order, insofar as appealed from, granted that branch of the motion of the defendant Nora Maranzano which was for summary judgment dismissing the complaint insofar as asserted against her. The second order granted that defendant's motion to quash subpoenas duces tecum served by the plaintiff.
ORDERED that the appeal from the second order is dismissed as abandoned; and it is further,
ORDERED that the first order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Nora Maranzano.
The plaintiff allegedly slipped and fell on a patch of ice on the sidewalk in front of property owned by the defendant Nora Maranzano (hereinafter the defendant) at approximately 8:00 a.m. on March 15, 2017. Subsequently, the plaintiff commenced this action against, among others, the defendant, and, after discovery was completed, the defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her on the basis of the storm-in- progress doctrine. The defendant also separately moved to quash subpoenas duces tecum served by the plaintiff. In an order entered April 23, 2021, the Supreme Court, among other things, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her. In a separate order entered April 23, 2021, the court granted the defendant's motion to quash the subpoenas duces tecum. The plaintiff appeals from both orders entered April 23, 2021.
The appeal from the second order entered April 23, 2021, must be dismissed as abandoned, since the plaintiff does not raise any argument in her brief with respect to that order (see Ashfaq v Ice Cream Depot Corp., 209 AD3d 704, 706; Teodoro v C.W. Brown, Inc., 200 AD3d 999, 1000).
"In general, a real property owner or a party in possession or control of real property will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice [of it]" (Elizee v Village of Amityville, 172 AD3d 1004, 1004; see Elassad v Nastasi, 165 AD3d 1040, 1040). Thus, "[i]n a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous . . . condition nor had actual or constructive notice of its existence" (Colon v New York City Tr. Auth., 201 AD3d 867, 868 [internal quotation marks omitted]; see Elizee v Village of Amityville, 172 AD3d at 1004). "This burden may be established by presenting evidence that there was a storm in progress when the injured plaintiff allegedly slipped and fell" (Colon v New York City Tr. Auth., 201 AD3d at 868 [internal quotation marks omitted]; see Johnson v Pawling Cent. Sch. Dist., 196 AD3d 686, 687). "Under the storm in progress rule, a property owner will not be held liable for accidents occurring as a result of the accumulation of snow or ice on its premises until an adequate period of time has passed following the cessation of the storm, within which time the owner has the opportunity to ameliorate the hazards caused by the storm" (Colon v New York City Tr. Auth., 201 AD3d at 868 [internal quotation marks omitted]; see Johnson v Pawling Cent. Sch. Dist., 196 AD3d at 687; Blair v Loduca, 164 AD3d 637, 639). "However, even if a storm is ongoing, once a property owner elects to remove snow or ice, it must do so with reasonable care or it could be held liable for creating a hazardous condition or exacerbating a natural hazard created by the storm" (Colon v New York City Tr. Auth., 201 AD3d at 868 [internal quotation marks omitted]; see Blair v Loduca, 164 AD3d at 639).
Here, the defendant established her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her by submitting a transcript of the deposition testimony of the plaintiff and certified weather reports, which demonstrated that there was a storm in progress at the time of the alleged incident (see Colon v New York City Tr. Auth., 201 AD3d at 868; Blair v Loduca, 164 AD3d at 639). To the extent that the plaintiff contends that the defendant's submissions failed to eliminate all triable issues of fact as to whether snow removal efforts were undertaken to clear the sidewalk in front of the defendant's property while the storm was in progress, there is nothing in the defendant's submissions that would support a determination that the defendant or anyone on her behalf undertook any such efforts, and the defendant therefore was not required to affirmatively establish the reasonableness of any such undertaking as a component of her prima facie case (see Colon v New York City Tr. Auth., 201 AD3d at 868-869; cf. Kantor v Leisure Glen Homeowners Assn., Inc., 95 AD3d 1177, 1177). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (see Colon v New York City Tr. Auth., 201 AD3d at 869; Wise v Filincieri, 163 AD3d 609, 609-610). "Speculation and surmise are insufficient to defeat a motion for summary judgment" (Skouras v New York City Tr. Auth., 48 AD3d 547, 548; see Elassad v Nastasi, 165 AD3d at 1041).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her.
LASALLE, P.J., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court