Grossman v Bridgeview Holdings, LLC (2025 NY Slip Op 03048)

Grossman v Bridgeview Holdings, LLC

2025 NY Slip Op 03048

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2021-05239
 (Index No. 617323/17)

[*1]Alan Grossman, appellant, 
v
Bridgeview Holdings, LLC, defendant third-party plaintiff-respondent; W.C.J.L., Inc., third-party defendant-respondent.

Jordan & LeVerrier, P.C., East Hampton, NY (Conrad Jordan of counsel), for appellant.
Hoffman Roth & Matlin, LLP, New York, NY (Tillie S. Mirman of counsel), for defendant third-party plaintiff-respondent.
Smith Sovik Kendrick & Sugnet, P.C., White Plains, NY (John D. Goldman of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated June 21, 2021. The order, insofar as appealed from, granted those branches of the separate motions of the defendant third-party plaintiff and the third-party defendant which were for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The defendant third-party plaintiff, Bridgeview Holdings, LLC (hereinafter Bridgeview), the owner of property located at 1650 Sycamore Avenue in Bohemia (hereinafter the subject property), contracted with the third-party defendant, W.C.J.L., Inc. (hereinafter WCJL), for snow removal and salting services at the subject property. On February 1, 2015, a winter weather advisory went into effect for Suffolk County, which extended to 6:00 p.m. on February 2, 2015. Snow began to fall at approximately 10:30 p.m. on February 1, 2015, and continued until approximately 5:00 a.m. on February 2, 2015, when the snow began to change to rain. The storm, which involved freezing rain and additional snow, continued until approximately 6:00 p.m. Approximately three inches of snow fell onto the parking lot of the subject property, which WCJL was tasked with removing.
The plaintiff, who owned and operated a business that was a tenant at the subject property, arrived at approximately 8:00 a.m. on February 2, 2015. As he exited his car in the parking lot, the plaintiff noticed ice all over the parking lot and slowly walked across the parking lot when he lost his balance and fell.
The plaintiff commenced this personal injury action against Bridgeview. Bridgeview commenced a third-party action against WCJL. Bridgeview and WCJL separately moved, inter alia, [*2]for summary judgment dismissing the complaint. In an order dated June 21, 2021, the Supreme Court, among other things, granted those branches of the separate motions. The plaintiff appeals. We affirm.
"In general, a real property owner or a party in possession or control of real property will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice thereof" (Elizee v Village of Amityville, 172 AD3d 1004, 1004; see Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1014; Elassad v Nastasi, 165 AD3d 1040, 1040). "Under the storm in progress rule, a property owner will not be held liable for accidents occurring as a result of the accumulation of snow or ice on its premises until an adequate period of time has passed following the cessation of the storm, within which time the owner has the opportunity to ameliorate the hazards caused by the storm" (Colon v New York City Tr. Auth., 201 AD3d 867, 868 [internal quotation marks omitted]; see Johnson v Pawling Cent. Sch. Dist., 196 AD3d 686, 687; Isabel v New York City Hous. Auth., 171 AD3d 714, 714). Further, an expert affidavit that is not supported by the record and, thus, speculative and conclusory, is insufficient to defeat a motion for summary judgment (see Lowell v Flom, 195 AD3d 801, 803; Wagner v Parker, 172 AD3d 954, 955; Butler v Roman Catholic Doicese of Rockville Ctr., 123 AD3d 868, 869).
Here, Bridgeview and WCJL made a prima facie showing that there was a storm in progress at the time of the plaintiff's accident. In opposition, the plaintiff only argued based upon speculation. Therefore, the plaintiff failed to raise a triable issue of fact as to whether he was injured due to something other than the conditions of the snow storm that was active at the time of his accident (see Colon v New York City Tr. Auth., 201 AD3d at 868).
"'[E]ven if a storm is ongoing, once a property owner elects to remove snow or ice, it must do so with reasonable care or it could be held liable for creating a hazardous condition or exacerbating a natural hazard created by the storm'" (Polis v City of New York, 230 AD3d 807, 808, quoting Colon v New York City Tr. Auth., 201 AD3d at 868; see Coreano v 983 Tenants Corp., 190 AD3d 815, 816).
Here, Bridgeview and WCJL made a prima facie showing that WCJL took reasonable care in the removal of snow and the placement of salt at the subject property. In opposition, the plaintiff failed to raise a triable issue of fact as to whether WCJL exacerbated the natural hazard created by the storm (see Polis v City of New York, 203 AD3d at 809).
Accordingly, the Supreme Court properly granted those branches of the separate motions of Bridgeview and WCJL which were for summary judgment dismissing the complaint.
In light of the foregoing, we need not reach the parties' remaining contentions.
LASALLE, P.J., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court