Archie v Cunningham Assoc., L.P.
2026 NY Slip Op 03772
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Keyonna Archie, respondent,
v
Cunningham Associates, L.P., et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-05876, (Index No. 708056/22)
Cheryl E. Chambers, J.P.
Helen Voutsinas
Janice A. Taylor
Phillip Hom, JJ.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for appellants.
Mallilo & Grossman, Flushing, NY (Scott A. Kutcher of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered April 11, 2025. The order denied the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the amended complaint is granted.
On February 4, 2022, at approximately 8:47 p.m., the plaintiff allegedly was injured when she slipped and fell on ice on a walkway of a residential building, which was owned by the defendant Cunningham Associates, L.P., and managed by the defendant Wen Management Corp. (hereinafter Wen). The plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the amended complaint. In an order entered April 11, 2025, the Supreme Court denied the defendants' motion. The defendants appeal.
"In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence" (Colon v New York City Tr. Auth., 201 AD3d 867, 868 [internal quotation marks omitted]; see Grossman v Bridgeview Holdings, LLC, 238 AD3d 1004, 1005). "This burden may be established by presenting evidence that there was a storm in progress when the injured plaintiff allegedly slipped and fell" (Colon v New York City Tr. Auth., 201 AD3d at 868 [internal quotation marks omitted]).
"Under the storm in progress doctrine, a landowner 'will not be held liable in negligence for a plaintiff's injuries sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter'" (Jackson v City of New York, 238 AD3d 1126, 1127, quoting Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021; see Grossman v Bridgeview Holdings, LLC, 238 AD3d at 1005).
"A lull in the storm does not impose a duty to remove the accumulation of snow or ice before the storm ceases in its entirety" (Pennino v Brooklyn Kings Plaza, LLC, 186 AD3d 1701, 1702 [internal quotation marks omitted]). "'However, even if a storm is ongoing, once a property [*2]owner elects to remove snow or ice, it must do so with reasonable care or it could be held liable for creating a hazardous condition or exacerbating a natural hazard created by the storm'" (Colon v New York City Tr. Auth., 201 AD3d at 868, quoting Koh Chong Wong v Kontonis, 128 AD3d 1019, 1020; see Sanfilippo v Kull, 230 AD3d 709, 710). "The mere failure of a defendant to remove all of the snow and ice, without more, does not establish that the defendant increased the risk of harm" (Balagyozyan v Federal Realty L.P., 191 AD3d 749, 751 [internal quotation marks omitted]).
Here, the evidence submitted in support of the defendants' motion, which included, inter alia, transcripts of the deposition testimony of the plaintiff and of two employees of Wen and an affidavit of the defendants' expert meteorologist, coupled with certified climatological data, established the defendants' prima facie entitlement to judgment as a matter of law dismissing the amended complaint. The evidence demonstrated that there was a storm in progress at the time of the plaintiff's accident and that the defendants' efforts to prevent ice accumulation by applying salt or ice melt neither created a hazardous condition nor exacerbated a natural hazard created by the storm (see Rivera v New York City Health & Hosp. Corp., 170 AD3d 1214, 1214; Koh Chong Wong v Kontonis, 128 AD3d at 1020).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants' ice removal and/or prevention efforts created a hazardous condition or exacerbated a natural hazard created by the storm (see Sanfilippo v Kull, 230 AD3d at 710-711; Rivera v New York City Health & Hosp. Corp., 170 AD3d at 1214).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the amended complaint.
CHAMBERS, J.P., VOUTSINAS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court